UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT FEAMSTER,<br><br>    Plaintiff,<br><br>v.<br><br>GACO WESTERN, LLC,<br><br>    Defendant. | Case No. 18-cv-01327-HSG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

Pending before the Court is Defendant Gaco Western, LLC's ("Gaco") motion to dismiss Plaintiff Scott Feamster's putative class action complaint. Dkt. No. 15 ("Mot."); *see also* Dkt. No. 1 ("Compl."). Gaco filed the motion on April 16, 2018. On April 30, 2018, Plaintiff opposed the motion. Dkt. No. 16 ("Opp."). A reply was filed on May 7, 2018. Dkt. No. 17 ("Reply"). After carefully considering the parties' arguments, the Court **DENIES** the motion.[1]

I. **LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a

---

[1] This matter is appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b). Any relevant factual background is set forth in Part II of this order.

plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## II. DISCUSSION

Defendant moves to dismiss Plaintiff's putative class action complaint under the "doctrine of claim splitting." Mot. at 6. According to Defendant, this doctrine precludes Plaintiff from raising individual personal injury claims in state court, and at the same time, pursuing his product liability claims on a class-wide basis in this Court. Defendant argues that Plaintiff's claims in these lawsuits stem from the same "transactional nucleus of facts," and must be brought in the same proceeding. *Id.* at 7 (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). There is no dispute that: (1) Plaintiff filed his state court lawsuit on the same day that he filed this action in federal court; and (2) Plaintiff has not yet received a judgment in his state court lawsuit. *See* Opp. at 3, 6; Reply at 5.

The Court declines to dismiss Plaintiff's putative class action claims at this stage. The claim splitting doctrine is based on res judicata principles, and asks broadly whether a "prior judgment" precludes a subsequent action that, in effect, seeks to relitigate the same cause of action. *See* Mot. at 7; *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("The district court properly dismissed Intri–Plex's suit as an impermissible attempt to split a cause of action barred by res judicata."); *Krueger v. Wyeth, Inc.*, No. 03CV2496 JLS (AJB), 2008 WL 481956, at *2 (S.D. Cal. Feb. 19, 2008) ("Claim splitting is generally prohibited by the doctrine of res judicata, which bars parties to a prior action, or those in privity with them, from raising in a subsequent proceeding any claim they could have raised in the prior action where all of the claims arise from the same set of operative facts.") (internal quotations and alterations omitted); *cf. Rodriguez v. Taco Bell Corp.*, No. 1:13-CV-01498-SAB, 2013 WL 5877788, at *3

1 (E.D. Cal. Oct. 30, 2013) ("[T]he claim splitting doctrine does not extinguish a subsequent claim when the plaintiff is unable to present the claim in the prior action, such as where there are limitations in the subject matter jurisdiction of the court in the prior action or restrictions on their authority to entertain multiple theories or demands for multiple remedies."). As mentioned, Plaintiff's state court lawsuit is proceeding in parallel with this action, and the state court has not yet issued a judgment on Plaintiff's personal injury claims. *See* Opp. at 8.

Defendant fails to present any analogous authority suggesting that claim splitting applies where two actions are proceeding in parallel. Rather, the cases that Defendant cites either assume that the state court previously entered a final judgment, or that the prior state court suit was dismissed with prejudice. *See* Reply at 9-10; *Tran v. Le French Baker, Inc.*, No. C-94-0482 VRW, 1995 WL 374342, at *2 (N.D. Cal. June 14, 1995) (finding that it must give "preclusive effect" to the plaintiff's prior adverse "state-court reviewed administrative decision[]"); *Intri-Plex Techs., Inc.*, 499 F.3d at 1051 (affirming a finding of impermissible claim splitting where the plaintiff asserted "the same factual allegations and causes of action" as it did in a prior state court lawsuit against the same defendant, which had been dismissed with prejudice).

To that end, Defendant does not request that the Court dismiss or stay this action under applicable abstention or comity doctrines. *See Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003). As Plaintiff points out, those doctrines appropriately limit the general rule that "overlapping or even identical federal and state court litigation may proceed simultaneously." *Id.*; Opp. at 6-7. Even if there were a prior state court judgment here, Defendant fails to present analogous authority suggesting that a dismissal motion, as opposed to class certification litigation, is the appropriate mechanism for addressing whether Plaintiff has improperly split his putative class claims from his contemporaneous request for individual relief in state court. *See Andren v. Alere, Inc.*, No. 16CV1255-GPC(AGS), 2017 WL 6509550, at *7 (S.D. Cal. Dec. 20, 2017) ("Therefore, '[c]laim splitting is generally prohibited by the doctrine of res judicata ... [and] class certification should be denied on the basis that class representatives are inadequate when they opt to pursue certain claims on a class-wide basis while jeopardizing the class members' ability to subsequently pursue other claims.'" (quoting *In re Conseco Life Ins. Co. Life Trend Ins. Sales and Marketing Litig.*, 270

F.R.D. 521, 531 (N.D. Cal. 2010))). Considering this action's early stage, the Court declines to decide now whether Plaintiff's failure to expressly plead his personal injury claims substantively interferes with his adequacy as class representative in this action. *See* Reply at 6 ("It may be of interest to the Court, however, that the issue of claim splitting in a class action context may cause problems with this case during any certification process, presaging serious issues ahead if this matter is allowed to proceed."). That issue is better addressed on a motion for class certification.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss the complaint. The Court **SETS** a case management conference for Tuesday, September 18, 2018 at 2:00 p.m. The parties must submit a joint case management statement by September 11, 2018. The Court **VACATES** the case management conference currently set for Thursday, September 13, 2018 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: 9/5/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge