UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT FEAMSTER,<br>        Plaintiff,<br>    v.<br>GACO WESTERN, LLC,<br>        Defendant. | Case No. 18-cv-01327-HSG<br><br>**ORDER DENYING MOTION FOR STAY PENDING RESOLUTION OF STATE COURT ACTION**<br><br>Re: Dkt. No. 28 |

On February 28, 2018, Plaintiff Scott Feamster filed a putative class action against Defendant Gaco Western, LLC ("Gaco"), seeking damages on behalf of a California class to repair and replace allegedly defective Gaco-formulated foam insulation. *See* Dkt. No. 1 ("Compl.") ¶¶ 4–5, 23. The same day, Plaintiff separately filed a personal injury suit against Defendant in state court. *See* Dkt. No. 28-2.

On April 16, 2018, Gaco moved to dismiss Plaintiff's putative class action complaint under the "doctrine of claim splitting," which Gaco argued precluded Plaintiff from raising individual personal injury claims in state court, while at the same time pursuing product liability claims on a class-wide basis in this Court. *See* Dkt. No. 15, at 6. In other words, Gaco objected to Plaintiff asserting different claims in different courts, when the claims shared operative facts. This Court denied Gaco's motion. Dkt. No. 26. Shortly thereafter, Gaco filed this motion, which seeks a stay pending resolution of the state court action under *Colorado River Conservation District v. United States*, 424 U.S. 800 (1976), arguing that this case and the state case are "virtually identical." Dkt. No. 28 ("Mot."), at 4. Gaco filed its motion on September 17, 2018. Plaintiff opposed Gaco's motion on October 1, 2018. Dkt. No. 32 ("Opp."). After carefully considering the parties'

arguments, the Court **DENIES** the motion.[1]

## I. LEGAL STANDARD

The *Colorado River* doctrine is "a form of deference to state court jurisdiction" rather than a form of abstention. *Coopers & Lybrand v. Sun-Diamond Growers of CA*, 912 F.2d 1135, 1137 (9th Cir. 1990). "Under *Colorado River*, considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" may counsel in favor of a stay when there are "concurrent state court proceedings involving the same matter." *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (internal quotation marks and citations omitted). This doctrine "is a narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* (internal quotation marks omitted). Stays under *Colorado River* are reserved for "exceptional circumstances," and "the presence of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction]." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19–26 (1983).

Under the *Colorado River* doctrine, a court determines whether the two cases are substantially similar, which does not require that the cases be identical. *See Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). A dispositive factor against staying a case under this analysis, however, is if there is "any substantial doubt" as to whether the state proceedings will resolve the federal action. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28; *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993). As the Supreme Court has explained, "the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28. Non-dispositive factors include: (1) if one court has assumed jurisdiction over property in dispute; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the concurrent forums obtained jurisdiction; (5) whether state or federal law provides the rule of decision on merits; (6) whether the state proceeding adequately protects the parties' rights; and (7) whether the federal plaintiff is engaged

---

[1] This matter is appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b).

1 in forum shopping. *See Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1021 (N.D. Cal. 2008) (citing *Gintz v. Jack in the Box, Inc.*, No. C 06–02857 CW, 2006 WL 3422222, *2 (N.D. Cal. Nov. 28, 2006), *Moses H. Cone*, 460 U.S. at 23, 26, and *Nakash*, 882 F.2d at 1417).

## II. DISCUSSION

Plaintiff's primary objection to staying this case is that there is "substantial doubt" as to whether the state proceeding will resolve this action. *See* Opp. at 4–5. In Plaintiff's view, on the one hand, the state case is a personal injury action that concerns "whether the Gaco Western foam installed in Mr. Feamster's home emitted toxic fumes and particulates causing Feamster to sustain significant head and lung injuries." Opp. at 4. On the other hand, the issue here "is whether a formulation error in the foam installed in Feamster's and the class members' homes renders the foam unfit to provide insulation and causes it to prematurely fail, and if so, whether Feamster and the class are entitled to recover damages sufficient to repair and replace the defective foam." *Id.* at 5. Plaintiff contends that these claims present distinct damages inquiries which will require different evidence.

The Court agrees with Plaintiff. The state action's thrust is recovery for Mr. Feamster's physical injuries, the resolution of which will not necessarily resolve potential class claims in this action, which seek relief based on property and structural damage. *Compare* Dkt. No. 28-2 ¶ 15, *with* Compl. ¶ 11. In this vein, the Court cannot say that if it issued a stay pending resolution of the state action, that "the federal court will have nothing further to do in resolving any substantive part of the case." *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28. To the contrary, a distinct possibility exists that this case would simply continue after resolution of the state action, which is not what the *Colorado River* doctrine contemplates. *See id.*

Because the Court finds that there is substantial doubt as to whether the state proceedings will resolve the federal action, it need not consider non-dispositive factors.

///

///

///

///

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for stay pending resolution of the state court action.

**IT IS SO ORDERED.**

Dated: 12/14/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge