UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT FEAMSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>GACO WESTERN, LLC,<br><br>    Defendant. | Case No. 18-cv-01327-HSG<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**<br><br>Re: Dkt. No. 56 |

Pending before the Court is a motion to withdraw as counsel by Sherri L. Kelly, attorney for Plaintiff Scott Feamster. Dkt. No. 56 ("Mot."). Ms. Kelly seeks to withdraw as counsel for Mr. Feamster on the basis that there has been an irreparable breakdown in the attorney-client relationship "to the point where it is now impossible for Kelly to continue to represent Feamster and to take the necessary litigation strategies and steps to continue to pursue and protect his best interest." Mot. at 2. Ms. Kelly further contends that Mr. Feamster "has not paid Kelly for fees and costs incurred in this action pursuant to [their fee agreement]." *Id.* Ms. Kelly informed Mr. Feamster on May 14, 2019 that he "should search for and retain new counsel." *Id.* at 3. On June 11, 2019, Ms. Kelly notified Mr. Feamster of her intent to withdraw, and subsequently filed the pending motion with the Court on June 27, 2019. *Id.* at 3. Defendant has not opposed this motion.

On July 18, 2019, the Court held a hearing, which was attended by Ms. Kelly, Mr. Feamster, and defense counsel. At the hearing, the Court discussed in camera the reasons for Ms. Kelly's motion. Based on the relevant legal authority, the papers, and the representations made at the hearing, the Court **GRANTS** the motion.

//

## I. LEGAL STANDARD

In this District, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a). Moreover, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civil L.R. 11-5(b).

Withdrawal is also governed by the California Rules of Professional Conduct. *See j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009)); *see also* Civil L.R. 11-4(a)(1) (requiring compliance with the California Rules of Professional Conduct). Under these rules, permissive withdrawal may only be granted by leave of the Court. CA ST RPC, Rule 3-700(A)(1). The professional rules provide for permissive withdrawal on various grounds, including when "[t]he client . . . breaches an agreement or obligation to the member as to expenses or fees," or when "[t]he member believes in good faith . . . that the tribunal will find the existence of other good cause for withdrawal." *Id.*, Rule 3-700(C)(1), (6). However, an attorney may not withdraw before he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." *Id.*, Rule 3-700(A)(2); *see also id.*, Rule 3-700(D) (regarding the refund of fees and the release of property and papers).

Finally, courts assessing withdrawal balance the equities, considering such factors as why counsel seeks to withdraw and whether permitting withdrawal may prejudice other litigants, harm the administration of justice, or delay the case's resolution. *Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing cases).

## II. DISCUSSION

Civil Local Rule 11-5(a) is satisfied because the filing of the motion nearly a month ago gave all parties reasonable advance notice of withdrawal, and because Plaintiff's counsel gave

notice to her client long before filing the motion. *See* Mot. at 3. The filing of the motion was also permitted by the California Rules of Professional Conduct. Based upon the information discussed during the in camera portion of the hearing, the Court is persuaded that Plaintiff's counsel filed the motion with a good faith belief that there is good cause for withdrawal. CA ST RPC, Rule 3-700(C)(6). At the hearing, Mr. Feamster acknowledged that there has been an irreparable breakdown in his relationship with Ms. Kelly, but was concerned about impending deadlines and having sufficient time to seek new counsel. Balancing the equities, the Court finds that permitting withdrawal is just, while imposing certain conditions (described below) to minimize delay and prejudice. *See Robinson*, 2010 WL 3259384, at *2 (discussing equities). All told, the Court finds in the exercise of its discretion that withdrawal is warranted. *See Gong v. City of Alameda*, No. C 03-05495 THE, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008).

If necessary, Mr. Feamster may appear pro se in federal court. But to minimize any potential prejudice to Mr. Feamster, the Court provides Mr. Feamster six weeks to obtain new counsel and stays all deadlines in the interim. During this period, the Court directs Plaintiff's counsel to accept service of papers for forwarding to Mr. Feamster. *See* Civil L.R. 11-5(b). And if Mr. Feamster is unable to obtain counsel by August 29, 2019, he will proceed in this action *pro se*. In that event, Mr. Feamster must: (1) file a short statement with the Court on August 29, 2019 indicating that he was unable to retain counsel; and (2) provide the Court with his contact information, so that he may be served as an individual going forward.

### III. CONCLUSION

Accordingly, the Court **GRANTS** the motion to withdraw as counsel, subject to the foregoing conditions.

**IT IS SO ORDERED.**

Dated: 7/19/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

3