UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCOTT FEAMSTER, <br> Plaintiff, <br> v. <br> GACO WESTERN, LLC, <br> Defendant. | Case No. 18-cv-01327-HSG <br> **ORDER GRANTING DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION** <br> Re: Dkt. No. 74 |

Pending before the Court is Defendant's motion to deny class certification. Dkt. Nos. 74 ("Mot."), 84 ("Opp."), 86 ("Reply"). For the reasons provided below, the Court **GRANTS** Defendants' motion to deny class certification.

I. **BACKGROUND**

Plaintiff Scott Feamster, proceeding *pro se*, filed this putative class action on February 28, 2018, alleging violations of California's Unfair Competition Law ("UCL"), Consumers Legal Remedies Act ("CLRA"), and seven common law claims, including breach of express warranty, negligence, strict product liability, and fraudulent misrepresentation. *See* Dkt. No. 1 ("Compl."). Plaintiff alleges that he purchased Defendant Gaco Western's spray foam ("Foam" or "SPF") product to provide insulation to his home. *Id.* at ¶ 1. After Plaintiff's general contractor applied the product, the Foam "had begun to shrink and had not bonded in the Feamster's home." *Id.* at ¶ 4. Defendant's representatives investigated the situation, and on May 12 or 13, 2016, they "indicated that the cause of the failed foam was a defect in the product—a formulation error that was present in the entire batch of foam." *Id.* at ¶ 5. Due to the Foam defect, Plaintiff alleges that he and other putative class members incurred property damage.

Plaintiff identifies a putative class consisting of "[a]ll individuals who have Gaco Western foam installed in their California residence, business, or other structure, where such foam is of the

same formulation and/or from the same batch as the Gaco Western foam installed in Plaintiff's home." *Id.* at ¶ 23.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 23 governs class actions, including the issue of class certification. Class certification is a two-step process. To warrant class certification, a plaintiff "bears the burden of demonstrating that she has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir.), *amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) ("A party seeking class certification must affirmatively demonstrate [her] compliance with the Rule.").

Rule 23(a) provides that a district court may certify a class only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). That is, the class must satisfy the requirements of numerosity, commonality, typicality, and adequacy of representation to maintain a class action. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012).

## III. ANALYSIS

Defendant brings a motion to deny class certification before Plaintiff brought a motion to certify a class. "Rule 23 does not preclude a defendant from bringing a 'preemptive' motion to deny certification." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009). Instead, "[a] defendant may move to deny class certification before a plaintiff files a motion to certify a class," *id.*, especially here where Plaintiff failed to file its motion for class certification by August 2, 2019, as ordered by the Court. *See* Dkt. No. 47. Accordingly, the Court addresses the merits of the motion.

Defendant argues that the Court should deny class certification because Plaintiff cannot establish numerosity by a preponderance of the evidence. *See generally* Mot. Based on the evidence presented by the parties, the Court agrees. While there is no minimum number of

2

members needed for a suit to proceed as a class action, Plaintiffs must show that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, Defendant presents evidence that there were only two shipments of potentially defective product sent to California. Specifically, Defendant notes that "[t]here were six sales of the Foam from October 15, 2015 to February 16, 2016" in California, with "three sales of batch number W15K0034, and three sales of batch number W15K0382." Dkt. No. 74-1 at ¶ 8, Ex. C at 3. The sales went primarily to Performance Foam Tech, the supplier used by Plaintiff, and about $1,950 worth of product went to Chemtek Foam and Coatings Inc. Dkt. No. 94, Ex. A at ¶ 4. While Defendants were unable to present conclusive evidence that Plaintiff was the only consumer to have the product installed in California, the evidence minimally shows that joinder of all members is not impracticable. Instead, there are only two suppliers with a very limited quantity of product that had possible sales within California, and one is the supplier that sold the product used at Plaintiff's property. It appears that only a limited number of customers besides Plaintiff could possibly have had the Foam installed on their property. This fails to show by a preponderance of the evidence that the class is sufficiently numerous.

Plaintiff's only response to this evidence is his statement that "Gaco-Western shipped at least nine (9) batch designations in 63 batches to at least 191 customers." Opp. at 22. There is no evidence to support this statement, or to connect it to the relevant putative class of California consumers. "In considering a motion for class certification, the substantive allegations of the complaint are accepted as true, but 'the court need not accept conclusory or generic allegations regarding the suitability of the litigation for resolution through a class action.'" *In re Optical Disk Drive Antitrust Litig.*, No. 10-MD-02143-RS, 2017 WL 6448192, at *2 (N.D. Cal. Dec. 18, 2017). Plaintiff needs to establish by a preponderance of the evidence that the class is sufficiently numerous, and this statement, without any supporting evidence to contradict that presented by Defendant, does not do so.

Plaintiff's additional statement that Defendant's "Motion and Declaration show that two people received two defective [Foam] batches," also fails. *See* Opp. at 24. Defendant's evidence shows that the defective batches were sold to Performance Foam Tech and Chemtek Foam and

3

1 Coatings Inc., both suppliers. Dkt. No. 74-1 at ¶ 8, Ex. C at 3. These two suppliers are not separate consumers that received the Foam, and the key question is what consumers had the Foam installed on their property. The only evidence in the record of a consumer receiving the defective product concerns Plaintiff. Moreover, evidence regarding two consumers would not establish numerosity by a preponderance of the evidence. *See Harik v. California Teachers Ass'n*, 326 F.3d 1042, 1051 (9th Cir. 2003) (finding that seven, nine, and ten members, respectively would not establish numerosity).

Importantly, even if Plaintiff could establish numerosity by a preponderance of the evidence, the Court also denies class certification because Plaintiff cannot establish that he will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A *pro se* plaintiff may represent his own interests but may not represent a class without representation. *See Smith v. Quigley*, No. 14-CV-05974-RBL (JRC), 2016 WL 3218804, at *2 (W.D. Wash. June 10, 2016) ("Plaintiff[], proceeding *pro se* and without counsel, [is] not qualified to act as class representative[] as [he is] unable to fairly represent and adequately protect the interests of the class."); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) (holding that "a litigant appearing in propria persona has no authority to represent anyone other than himself"). Plaintiff is no longer represented in this action after his counsel withdrew on July 19, 2019. *See* Dkt. No. 62. The Court granted Plaintiff additional time to obtain new counsel, but he has not done so. Plaintiff's decision to proceed *pro se* comes with the consequence that he cannot be adequate to represent a class.

Finally, Defendant asks the Court to dismiss the action for lack of subject matter jurisdiction. Mot. at 7. However, the Ninth Circuit has held "that continued jurisdiction under [CAFA] 'does not depend on certification.'" *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010) (quoting *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010)). Accordingly, the Court denies Defendant's request to dismiss the entire action.

//

4

## IV. CONCLUSION

Because Plaintiff cannot establish numerosity or adequacy of representation, and either failure provides sufficient basis to deny class certification, the Court **GRANTS** Defendants' motion.

The Court sets a further case management conference for March 31, 2020 at 2:00 p.m. The parties are directed to meet and confer in an attempt to submit a joint statement by March 24, 2020 detailing a proposed case schedule for the remainder of the case. This should minimally include deadlines for dispositive motions, pretrial conference, and trial, and should conform to the Court's standing orders. If the parties cannot agree on a joint statement, they may submit separate statements by March 24, 2020. *See* Civil Local Rule 16-9(a).

At the case management conference, Defendant's counsel should further be prepared to discuss the reason for the fundamental discrepancies in the document filed as Dkt. No. 74-1 and the declaration recently filed as Dkt. No. 94 regarding whether Plaintiff was the only consumer to receive the defective product.

**IT IS SO ORDERED.**

Dated: 3/6/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge