UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCOTT FEAMSTER,<br><br>    Plaintiff,<br><br>v.<br><br>GACO WESTERN, LLC,<br><br>    Defendant. | Case No. 18-cv-01327-HSG<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**<br><br>Re: Dkt. No. 142 |

Pending before the Court is a motion to withdraw as counsel by Eustace de Saint Phalle, Ilya Frangos, and Chantele L. Fitting, attorneys for Plaintiff Scott Feamster. Dkt. No. 137 ("Mot."). Mr. de Saint Phalle, Ms. Frangos, and Ms. Fitting seek to withdraw as counsel for Mr. Feamster on the basis that the "relationship between Mr. Feamster and counsel has deteriorated to the point where it is impossible for counsel to continue to represent him and to take the necessary litigation strategies and steps to continue to pursue and protect his best interests." Mot. at 4. Plaintiff's counsel informed Mr. Feamster that they would seek to withdraw based upon "irreconcilable differences that created a conflict and made continued representation impossible." *Id.* On August 11, 2021, Plaintiff signed a stipulation agreeing to his counsels' withdrawal and stating that he will proceed pro se. Dkt. No. 137 (Exhibit A to Declaration of Eustace de Saint Phalle) ("Stipulation"). On September 3, 2021, Plaintiff's counsel filed the pending motion with the Court.

On September 16, 2021, the Court held a hearing, which was attended by Mr. de Saint Phalle, Mr. Feamster, and defense counsel. At the hearing, the Court discussed in camera the reasons for Plaintiff's counsels' motion. Based on the relevant legal authority, the papers, and the representations made at the hearing, the Court **GRANTS** the motion.

## I. LEGAL STANDARD

In this District, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a).

Withdrawal is also governed by the California Rules of Professional Conduct. *See j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009)); *see also* Civil L.R. 11-4(a)(1) (requiring compliance with the California Rules of Professional Conduct). Under these rules, permissive withdrawal may only be granted by leave of the Court. CA ST RPC, Rule 3-700(A)(1). The professional rules provide for permissive withdrawal on various grounds, including when "[t]he member believes in good faith . . . that the tribunal will find the existence of other good cause for withdrawal." *Id.*, Rule 3-700(C)(6). However, an attorney may not withdraw before he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." *Id.*, Rule 3-700(A)(2); *see also id.*, Rule 3-700(D) (regarding the refund of fees and the release of property and papers).

Finally, courts assessing withdrawal balance the equities, considering such factors as why counsel seeks to withdraw and whether permitting withdrawal may prejudice other litigants, harm the administration of justice, or delay the case's resolution. *Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing cases).

## II. DISCUSSION

Civil Local Rule 11-5(a) is satisfied because the filing of the motion on September 3, 2021 gave all parties reasonable advance notice of withdrawal and because Plaintiff's counsel gave notice to their client well before filing the motion. *See* Mot. at 4. The filing of the motion was also permitted by the California Rules of Professional Conduct. Based upon information discussed during the in camera portion of the hearing, the Court is persuaded that Plaintiff's counsel filed the motion with a good faith belief that there is good cause for withdrawal. CA ST RPC, Rule 3-700(C)(6). Balancing the equities, the Court finds that permitting withdrawal is just.

*See Robinson*, 2010 WL 3259384, at *2 (discussing equities).  All told, the Court finds in the exercise of its discretion that withdrawal is warranted.  *See Gong v. City of Alameda*, No. C 03-05495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008).

Mr. Feamster has indicated he will proceed pro se.  Stipulation at 2-3.  Mr. Feamster must provide the Court with his current contact information, so that he may be served as an individual going forward.

### III.    CONCLUSION

Accordingly, the Court **GRANTS** the motion to withdraw as counsel.

**IT IS SO ORDERED.**

Dated: 9/22/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge