Nicolas P. Martin, Esq. (SBN 267708)
Nick.Martin@wilsonelser.com
Clay A. Coelho, Esq. (SBN 161205)
Clay.Coelho@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER LLP**
525 Market Street, 17th Floor
San Francisco, California 94105
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Defendant
**GACO WESTERN, LLC**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT FEAMSTER, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GACO WESTERN, LLC, dba GACO WESTERN, A Limited Liability Company, And DOES 1 -100,<br>Defendants. | Case No.:  4:18-cv-01327 HSG<br><br>**GACO WESTERN LLC'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date:    February 10, 2022<br>Time:   2:00 p.m.<br>Courtroom: 2<br><br>Action Filed:  February 28, 2018<br>Trial Date: December 13, 2021 |

### NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 10, 2022, at 2:00 p.m., or as soon thereafter as counsel may be heard Defendant GACO WESTERN , LLC (GACO), moves this Court for an Order Dismiss, as permitted by Rule 37(d) and Rule 37(b)(2)(A), as further detailed below.  This motion is brought on the grounds that Plaintiff failed to appear at this properly noticed deposition and fails to cooperate in discovery.

Dismissal of this action is the only recourse as Plaintiff has previously ignored prior deposition notices, ignored orders (imposed in State Court) to appear for his deposition, and fails to cooperate in discovery.  Under Rule 37, a court may dismiss a Plaintiff's complaint if

1

Plaintiff fails to attend his deposition.  As a result of Plaintiff's lack of cooperation and unwillingness to provide evidence and deposition testimony in support of his claims, Defendant has not been able to properly prepare to defend this matter and has been prejudiced.  Trial in this matter is currently scheduled for December 13, 2021.

This motion is based upon this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the attached Declaration of Clay Coelho (including the exhibits attached thereto); all the papers and pleadings on file in this action; and upon such other and further pleadings, papers, or argument as may be presented to the Court at or before the hearing on this motion.

### RELIEF SOUGHT

GACO moves this Court for an Order for Dismiss as sanctions established and permitted by Rule 37(d) and Rule 37(b)(2)(A):

(v) dismissing the action or proceeding in whole or in part.

### MEMORANDUM OF POINTS AND AUTHORITIES

I.   INTRODUCTION

This motion relates to Plaintiff's failure to appear for deposition.  As a result of Plaintiff's unwillingness to provide deposition testimony, despite Defendant's continued requests, Defendant has little to no information regarding Plaintiff's claims and actual damages.  Plaintiff's failure to provide deposition testimony and cooperate in discovery has significantly impeded Defendant's ability to obtain information about Plaintiff's claims.  Trial in this matter is currently scheduled for December 13, 2021.  Given Plaintiff's repeated abuse of the discovery process, as further described below, dismissal is warranted.

II.   RELEVANT FACTS

In or about November 2015 Plaintiff undertook a remodel or his large custom home located in Atherton, California.  As part of the remodel work at the home, and in approximately March 2016, GACO spray foam insulation was installed at his residence.  Shortly after it was installed, the contractor who was doing the remodel work noticed that the spray foam was shrinking and not bonded to the home.  Plaintiff's installer of the foam

contacted GACO about the issue and in April 2018, representatives of GACO visited the Plaintiff's home and confirmed the condition. It was confirmed by GACO that there was a problem with the batch of the spray foam that was installed at Plaintiff's home which caused the shrinkage of the foam and the inability of the foam to bond to the home. (See Complaint at paragraphs 1 and 4, attached to Declaration of Clay A. Coelho, paragraph 2, Ex. A)

Plaintiff and GACO attempted to resolve the issue but a resolution did not occur. (Coelho Declaration, para. 3.) Plaintiff filed this instant action seeking damages associated with his personal property. Plaintiff also filed another action in State Court seeking personal injury damages he claims to have stemmed from the GACO product – California Superior Court, County of San Mateo, 18CIV010124. (Coelho Declaration, para. 4, Ex. B)

The discovery in both the Federal and State actions filed by Plaintiff overlapped. Defendant and Plaintiff have engaged in numerous discussions regarding discovery, including taking Plaintiff's deposition. Plaintiff, however, has not appeared for deposition in either matter. Plaintiff has been insistent that only one deposition be taken to discuss the issues in the state and federal court actions. (Coelho Declaration, para. 5)

A timeline regarding Defendant's attempts to take Plaintiff's deposition is below:

1. Plaintiff's deposition notices, in both the Federal and State Court Actions, was served on January 29, 2019. The deposition was to go forward on February 15, 2019. (Coelho Declaration, para. 6, Ex. C)
2. Defendant was informed that Plaintiff would not be available on the date noticed as a result of travel plans and medical appointments. Defendant was also informed that Plaintiff would be available for deposition on April 29, 2019. An Amended Deposition Notice was served on Plaintiff for the agreed upon April 29, 2019 date. (Coelho Declaration, para. 7, Exs. D and E)
3. However, and on or about April 29, 2019, GACO was once again informed that Plaintiff's deposition could not go forward because of additional medical appointments. (Coelho Declaration, para. 8)

4. On November 21, 2019, Plaintiff was served with an Amended Notice of Deposition, with the deposition scheduled for December 19, 2019. (Coelho Declaration, para. 9, Ex. F)

5. In response to the Amended Deposition notices, and on or about December 11, 2019, Plaintiff served a "Stay" letter in both the State and Federal actions. In his papers, Plaintiff confirmed his understanding that his deposition for both the State and Federal matters would happen once, simultaneously. The Letter effectively stated that Plaintiff had no intention to appear at any deposition. Although Defendant never agreed to take Plaintiff's deposition once, this confirms that Plaintiff's actions to ignore any notice or order regarding his deposition was the same in both the State and Federal matters. (Coelho Declaration, para. 10, Ex. G)

6. In response to the "Stay", Defendant sent correspondence stating that if Plaintiff did not appear at the deposition, Defendant would file a motion to compel appearance at deposition and seek sanctions. (Coelho Declaration, para. 11, Ex. H)

7. On December 16, 2019, Plaintiff emailed Defense counsel indicating that he would not appear for deposition. In his email, Plaintiff states that he "cannot conscientiously participate at this time." Plaintiff, did not, in fact, appear for deposition in December 2019. (Coelho Declaration, para. 12, Ex. I)

8. Defendant ultimately filed a motion to compel Plaintiff's deposition in State Court, which was heard on February 21, 2020. Plaintiff was ordered to appear for deposition on or before March 31, 2020. (Coelho Declaration, para. 13, Ex. J)

9. On or about March 11, 2020, Defendants served Plaintiff with an Amended Notice to take Plaintiff's deposition on March 24, 2020.

Plaintiff did not show up for deposition. (Coelho Declaration, para. 14, Ex. K)

10. On or about August 7, 2020, Plaintiff was served with an Amended Deposition Notice for Deposition on August 24, 2020. However, and on August 17, 2020, Plaintiff's wife emailed Defense counsel stating that Plaintiff would not be appearing for deposition. (Coelho Declaration, para. 15, Exs. L and M)

11. In addition, Plaintiff filed a "Motion for Reconsideration of the February 21, 2020 orders" compelling his deposition and discovery responses. The motion was not heard until September 2020. The Court did not change the substance of his previous order and, again, ordered Plaintiff to appear for deposition on or before October 13, 2020. (Coelho Declaration, para. 16, Ex. N)

12. Plaintiff retained new counsel in June 2021. Counsel participated in meet and confers with Plaintiffs new counsel regarding setting Plaintiff's deposition. Defendants were informed that Plaintiff would be available for deposition after August 25, 2021. Plaintiff has yet to confirm a date for his deposition. (Coelho Declaration, para. 17, Ex. O)

13. Plaintiff was, once again, contacted on August 25, 2021, regarding Plaintiff's deposition, including other outstanding discovery matters that were previously ordered by the Court. As discussed in prior meet and confers, and addressed in the email, Defendants had been putting off addressing these outstanding discovery matters before the Court and via Informal Discovery Conference (IDC) in the hopes of resolution. Plaintiff has ignored Defendant's requests to resolve these discovery issues and appear for his deposition. As stated in the email, Plaintiff was to appear for deposition over a year and a half ago, and despite

several notices of deposition to take place remotely, Plaintiff has failed to appear.  (Coelho Declaration, para. 18, Ex. P)

14. On September 14, 2021, Plaintiff failed to appear and participate in the Settlement Conference in this matter before Judge Tse. Defendant GACO was the only party to appear.

## III. ARGUMENT

**A.** Plaintiff's Failure to Appear for Deposition and Cooperate in Discovery merits Sanctions – Dismissal - Under Rule 37(d).

Plaintiff's deposition is necessary to evaluate and analyze Plaintiff's claims, liability, and damages.  The discovery cutoff has now passed and trial in this matter is currently scheduled to proceed on December 13, 2021.  Defendant requests that Plaintiff's action be dismissed.

Rule 37(d) states, in pertinent part:

(1) In General.

(A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:

(i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; or

(ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

(B) Certification. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

(2) Unacceptable Excuse for Failing to Act. A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

(3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable

expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Under Rule 37(d), this court has broad discretion to issue sanctions against a party that "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. Proc. 37(d)(1)(A)(i). Dismissal and terminating sanctions under Rule 37 are appropriate when a party's non-cooperation in discovery is "willful" or in "bad faith." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946-947 (9th Cir. 1993). The bar for demonstrating a "willful" discovery violation is low—all that must be shown is "disobedient conduct not shown to be outside the control of the litigant." *Henry v. Gil Industries*, 983 F.2d 943, 948 (9th Cir. 1993).

Defendant properly noticed Plaintiff's deposition, participated in meet and confers in both the State and Federal Action, and have tried to accommodate Plaintiff's requests as a result of his alleged health issues. Despite these efforts, Plaintiff has cancelled and rescheduled his deposition, ignored prior orders compelling his deposition, and has failed to provide alternate dates for his deposition to go forward. Plaintiff, however, has been able to communicate with counsel and file various and voluminous documents on his own behalf. Plaintiff's behavior related to his deposition constitutes disobedient conduct not outside of his control.

Plaintiff's actions merits dismissal of this action. (Fed. R. Civ. P. 37(d)(3), 37(b)(2)(A)(v).) In considering dismissal, Court must weigh the following: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henry*, 983 F.2d at 948.

As discussed above, each of these factors weighs in favor of dismissal in this case. Plaintiff has, time and time again, ignored prior deposition notices, court orders to compel his deposition, and most recently, failed to participate in the Settlement Conference in this matter. Plaintiff continues to avoid necessary discovery and the litigation in this matter, prejudicing Defendant, expending unnecessary expenses in this litigation, and wasting the Court's time

and resources.  Defendant has been unable to properly litigate this case and properly defend itself against the claims brought against it because of Plaintiff's actions.  Dismissal of this action is warranted.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's claims, complaint, and this action be dismissed.

Dated:  October 18, 2021    WILSON ELSER MOSKOWITZ
               EDELMAN & DICKER LLP

              By: */s/ Clay Coelho*
                 Nicolas P. Martin
                 Clay A. Coelho
                 Attorney for Defendant
                 GACO WESTERN, LLC

**PROOF OF SERVICE**

At the time of service I was over 18 years of age and not a party to this action. I am employed by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP. My business address is 525 Market Street, 17th Floor, San Francisco, California 94105. My business telephone number is (415) 433-0990; my business fax number is (415) 434-1370.

On the date set forth below, I served the following document(s) described as:

**GACO WESTERN LLC'S NOTICE OF MOTION AND MOTION TO DISMISS;**

**DECLARATION OF CLAY A. COELHO IN SUPPORT OF GACO WESTERN LLC'S MOTION TO DISMISS; and**

**[PROPOSED] ORDER ON DEFENDANT'S MOTION TO DISMISS (Fed. R. Civ. P. 37(d))**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

☒ : **By EMAIL TRANSMISSION.** The above-referenced document(s) are only being served by email due to the ongoing shelter-in-place and travel restrictions relating to the coronavirus (COVID-19). We will of course extend the same courtesy to your office. Please immediately advise of any objections, and we will serve hard copies upon request. Our attorneys and staff are reachable through their regular phone numbers and email addresses, and the office remains open on a remote basis during regular business hours.

EUSTACE DE SAINT PHALLE, SBN 179100
RAINS LUCIA STERN ST. PHALLE & SILVER, PC
2300 Contra Costa Blvd., Suite 500
Pleasant Hill, CA 94523
Tel: (925) 609-1699 / Fax: (925) 609-1690
E-mail: PersonalInjuryGroup@RLSlawyers.com

CHANTEL L. FITTING, SBN 203378
ILYA D. FRANGOS, SBN 262997
GALINE, FRYE, FITTING & FRANGOS, LLP
411 Borel Ave. #500
San Mateo, CA 94402
Phone: (650) 345-8484 / Fax: (650) 345-9875
Email: cfitting@gff-law.com / ifrangos@gff-law.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed October 18, 2021, at San Francisco, California.

Michelle Bryant