UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCOTT FEAMSTER,<br><br>Plaintiff,<br><br>v.<br><br>GACO WESTERN, LLC,<br><br>Defendant. | Case No. 18-cv-01327-HSG<br><br>**ORDER DENYING GACO WESTERN LLC'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 143 |

Pending before the Court is Defendant's motion to dismiss filed on October 18, 2021. Dkt. No. 143. Defendant moves under Federal Rule of Civil Procedure 37 to dismiss Plaintiff's case in its entirety, contending that Plaintiff failed to appear for deposition. *Id.* Defendant also filed an administrative motion seeking to advance the hearing for the motion to dismiss to a date before the trial starts on December 13, 2021. *See* Dkt. No. 146. Plaintiff filed an opposition in which he asks the Court to deny Defendant's motion to dismiss and administrative motion. *See* Dkt. No. 147. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

Under Rule 37(d), the Court "may" impose sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A). Any sanctions imposed must be "just." Fed. R. Civ. P. 37(b)(2)(A). In considering whether a dismissal is appropriate as a Rule 37 sanction, the Ninth Circuit has identified five factors to be considered: "(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) (citing *Wanderer v. Johnston*, 910

F.2d 652, 656 (9th Cir. 1990)).

In this case, factor (1) weighs against dismissal, in that the case will be resolved soon at a trial which will begin on December 13. Factor (2) weighs against dismissal for the same reason. Factor (3) nominally could weigh in favor of dismissal, in that Defendant has lost the opportunity to depose Plaintiff prior to trial. But critically, this is a problem of Defendant's own creation. The discovery deadline in this case was August 2, 2021. Dkt. No. 123. That deadline has long since passed. Defendant was responsible for conducting discovery prior to the deadline and raising any issues with the Court in a timely manner. On April 13, 2021, the Court specifically directed Defendant to raise any discovery issues before Judge Beeler early enough for them to be resolved in time to meet the discovery deadline. *Id.* But Defendant failed to raise the problems of which it now complains with either Judge Beeler or this Court before the discovery deadline, or seek an extension of the deadline. The fact that Defendant filed this motion over two months after the close of discovery substantially undermines its claim of prejudice. And factors (4) and (5) strongly weigh against dismissal, especially where Defendant seeks only the most drastic sanction available. Accordingly, dismissal under Rule 37 is wholly unwarranted.

Defendant's motion is **DENIED**. The Court also **TERMINATES AS MOOT** Defendant's pending administrative motion, Dkt. No. 146.

**IT IS SO ORDERED.**

Dated: 10/28/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

2