UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCOTT FEAMSTER, <br> Plaintiff, <br> v. <br> GACO WESTERN, LLC, <br> Defendant. | Case No. 18-cv-01327-HSG <br> **ORDER RE: DEFENDANT'S MOTIONS IN LIMINE** <br> Re: Dkt. Nos. 149, 150, 151, 152, 153 |

Pending before the Court are Defendant's five motions in limine: Motion in Limine No. 1 Re: Expert Testimony and Evidence, Dkt. No. 149; Motion in Limine No. 2 Re: Plaintiff's Alleged Personal Injuries, Dkt. No. 150; Motion in Limine No. 3 Re: Lost Rental Value and Income, Dkt. No. 151; Motion in Limine No 4 Re: Evidence Not Previously Disclosed or Produced During Discovery, Dkt. No. 152; and Motion in Limine No. 5 Re: Plaintiff Testimony, Dkt. No. 153. The Court rules on the motions as follows.

### I. MOTION IN LIMINE NO. 1 RE: EXPERT TESTIMONY AND EVIDENCE

In its first motion in limine, Defendant asks the Court to exclude any expert testimony and evidence that Plaintiff may attempt to offer. Dkt. No. 149 at 1. According to Defendant, "Plaintiff has not provided any expert reports nor has he provided any expert opinion that he intends to introduce at the time of trial." *Id.* at 3. Defendant alleges that Plaintiff failed to comply with the disclosure requirements of Federal Rule of Civil Procedure ("FRCP") 26 and should therefore be barred from offering expert testimony and evidence at trial under FRCP 37(c). *Id.*

Plaintiff responds that he disclosed four experts as part of his initial disclosures on July 11, 2018. Dkt. No. 155 at 1. Plaintiff also lists numerous ways in which he alleges Defendant "has failed to provide" experts Plaintiff identified. *Id.* at 2.

1  The Court **GRANTS** Defendant's motion. Under FRCP 37(c), any party that fails to provide information or identify a witness as required by FRCP 26(a) is not allowed to use that information or witness to supply evidence at trial, unless the failure was substantially justified or is harmless. In determining whether the failure was justified or is harmless, a district court considers "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010).[1] Without dispute, Plaintiff failed to comply with FRCP 26(a)(2)(B), which requires disclosure of a written report detailing, among other things, "a complete statement of all opinions the witness will express and the bases for them." Discovery in this case closed long ago, and it would be plainly unfair and prejudicial for Plaintiff to call witnesses at trial whose opinions were never properly disclosed, and who Defendant never had the opportunity to depose regarding those opinions. Moreover, Defendant's purported "failure" that Plaintiff references is irrelevant: it was incumbent on Plaintiff to raise any claimed unresolved discovery problems before discovery closed months ago, and the requirement that Plaintiff comply with his disclosure obligations is independent of anything Defendant did or didn't do. Plaintiff accordingly is precluded from calling any experts at trial.

## II. MOTION IN LIMINE NO. 2 RE: PLAINTIFF'S ALLEGED PERSONAL INJURIES

In its second motion in limine, Defendant asks the Court to "exclude any reference, argument, allegation, or evidence related to any alleged personal injury claim or damages by Plaintiff." Dkt. No. 150 at 1. Defendant argues that Plaintiff's alleged personal injuries are irrelevant to the case at hand. *Id.* at 3; *see* Fed. R. Evid. 401. Defendant also contends that to the extent the alleged personal injuries are relevant, any reference to them should still be excluded because it will confuse the issues, mislead the jury, waste time, and prejudice the Defendant. *Id.* at 3; *see* Fed. R. Evid. 402 and 403.

---

[1] As an unpublished Ninth Circuit decision, *Lanard Toys* is not precedent, but may be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

1    Plaintiff admits that the subject of the instant action is his property damage claim, and
2    states that he is not asking for personal injury damages. Dkt. No. 156 at 1. Plaintiff argues,
3    however, that his medical issues will impair his presentation of the case. *Id.* at 2. Plaintiff asserts
4    that explaining his "mental and physical disabilities would enable the Court and jury" to better
5    understand Plaintiff's presentation of his case. *Id.*

6    The Court **GRANTS** Defendant's motion to exclude any reference to or evidence of
7    Plaintiff's medical issues, disabilities, or personal injuries. These topics are not relevant to any
8    issue presented by the sole claim in this case: a claim for property damage. And even if there were
9    some marginal relevance to these topics, that relevance would be substantially outweighed by the
10   prospect of confusion of issues and waste of time. Plaintiff has a parallel state court case alleging
11   personal injury, and that case is the place for these topics.

### III. MOTION IN LIMINE NO. 3 RE: LOST RENTAL VALUE AND INCOME

In its third motion in limine, Defendant asks the Court to "exclude any reference, argument, allegation, or evidence related to any alleged lost rental value or rental income." Dkt. No. 151 at 1. In support of its request, Defendant alleges that Plaintiff's complaint makes no reference to damages stemming from lost rental value or income and that Plaintiff did not disclose lost rental value or income as a category of damages as required by FRCP 26(a)(1). *Id.* at 2. Defendant contends that under FRCP 37(c) Plaintiff should be barred from claiming lost rental income and/or value as damages. *Id.* at 3. Defendant adds that any reference to such damages is irrelevant and prejudicial, warranting exclusion under Federal Rules of Evidence 401, 402, and 403. *Id.* at 4.

Plaintiff responds that he provided information regarding lost rental value and lost rental income at the June 4, 2021 settlement conference. Dkt. No. 157 at 1. Plaintiff also alleges that he emailed information regarding these topics to Defendant on November 8, 2021 as a part of an agreed-upon exchange of pre-trial materials. *Id.* at 2.

The Court **GRANTS** Defendant's motion to exclude any reference to or evidence of lost rental value or rental income alleged by Plaintiff. Plaintiff was required under FRCP 26(a)(1) to produce this information before the close of discovery, and make clear that he was pursuing these

categories of damages. Doing so in the context of a settlement conference, or a month before trial and after discovery is closed, does not suffice. This untimely-disclosed evidence is excluded under FRCP 37(c).

### IV. MOTION IN LIMINE NO. 4 RE: EVIDENCE NOT PREVIOUSLY DISCLOSED OR PRODUCED DURING DISCOVERY

In its fourth motion in limine, Defendant asks the Court to exclude any evidence, including witnesses and documents, that were not identified or produced by Plaintiff through initial disclosures or discovery. Dkt. No. 152 at 1. Defendant alleges that although Plaintiff served initial disclosures on Defendant on July 11, 2018, Plaintiff never amended those disclosures, identified further witnesses, or produced any documents during the course of discovery. *See* Dkt. No. 2-3. Defendant therefore seeks, under FRCP 37(c), to preclude Plaintiff from producing any new documents or evidence at trial not previously disclosed.

Plaintiff responds that he has produced over 4,000 pages and over 70 exhibits as a part of the parties' pending action in the Superior Court of California, County of San Mateo. Dkt. No. 158 at 1. Plaintiff also contends that Defendant has evaded making its own disclosures. *Id.* at 1-2.

The Court **GRANTS** Defendant's motion to exclude any evidence Plaintiff did not disclose in discovery in this case. The production of materials in the state court case is irrelevant: any evidence any party wishes to introduce at trial in this case must have been properly disclosed in <u>this</u> case, in accordance with FRCP 26 and any other relevant rules. Any party seeking to introduce evidence at trial must show, by Bates number or other verifiable means, that the evidence was produced before the close of discovery in a manner satisfying all of the applicable federal rules. The Court stresses that this case is entirely separate from the state court case and involves completely different issues, and the Court will strictly limit the evidence in this trial to the narrow and straightforward property damage claim Plaintiff raises here. Plaintiff will have his opportunity to raise the broader personal injury issues in the state case, to the extent the judge in that case finds his evidence admissible.

### V. MOTION IN LIMINE NO. 5 RE: PLAINTIFF TESTIMONY

In its fifth motion in limine, Defendant asks the court to preclude Plaintiff from testifying

1  at trial on the grounds that "Plaintiff's failure to provide deposition testimony and cooperate in
2  discovery has significantly impeded Defendant's ability to obtain information about Plaintiff's
3  claims." Dkt. No. 153 at 2. Defendant urges the Court to exercise its discretion under
4  FRCP 37(d) and sanction Plaintiff for his alleged "failure to cooperate or provide testimony prior
5  to trial." *Id.* at 5.

6  In his response, Plaintiff notes that when Defendant moved to dismiss the case on these
7  same grounds, *see* Dkt. No. 143, the Court denied the motion and found that "this is a problem of
8  the Defendant's own creation" because "Defendant was responsible for conducting discovery prior
9  to the deadline and raising any issues with the Court in a timely manner." Dkt. No. 148 at 2; *see*
10 Dkt. No. 159 at 1-2.

11 The Court **DENIES** Defendant's motion to preclude Plaintiff from testifying at trial. As
12 the Court noted in its order denying the motion to dismiss on this same ground, Defendant's
13 failure to depose Plaintiff was its own doing. Dkt. No. 148 at 2. No sanction is warranted for
14 conduct the Defendant failed to timely raise before the close of discovery.

16 **IT IS SO ORDERED.**

17 Dated: 11/23/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge