UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCOTT FEAMSTER,<br><br>Plaintiff,<br><br>v.<br><br>GACO WESTERN, LLC,<br><br>Defendant. | Case No. 18-cv-01327-HSG<br><br>**ORDER REGARDING ADMINISTRATIVE MOTION FOR RULING CLARIFICATIONS**<br><br>Re: Dkt. No. 88 |

Pending before the Court is a filing styled as an "Administrative Motion for Ruling Clarifications," which is actually a declaration by the Plaintiff. *See* Dkt. No. 88. Defense Counsel then filed a responsive declaration to Plaintiff's Administrative Motion. *See* Dkt. No. 89.

First, both the motion and the response fail to comply with the Local Rules. *See* Civil L.R. 7-11. Plaintiff and Defense counsel are reminded, again, that they must read and follow the Local Rules, Federal Rules of Civil Procedure, standing orders and other governing rules at all times. The Court will require strict compliance at and before trial. Moreover, it is not the Court's role to field questions or complaints about "contradictory attorney statements": as the Court has repeatedly said, because Plaintiff is representing himself, he is responsible for prosecuting his case as counsel would if he were still represented.

With respect to the substance of the issues raised, the Court responds as follows.

First, the Court did not place any limits on the number of witnesses to be called at trial. The Court allowed each party to depose one witness, even though fact discovery closed long ago, to at least partially mitigate the parties' failure to previously depose anyone. The case is set for two trial days starting at 8:30 a.m. and ending by 1:30 p.m. each day, and the trial will be over when that time elapses (if not sooner).

Second, the Court will assess any argument that witnesses were not properly disclosed under Rules 26 and 37 and the Court's orders if and when that argument is made. The Court's strong inclination is that any witness not previously disclosed on the parties' witness lists would be subject to exclusion. The Court **ORDERS** the parties to provide final notification to each other regarding the witnesses they seek to call at trial by 5:00 p.m. on May 16, 2022.

Third, the trial will start with the presentation of Plaintiff's case at 8:30 a.m. on May 19, 2022. Plaintiff should have enough witnesses available to fill the full 8:30 a.m. to 1:30 p.m. window on that day, so that the Court's trial time is used efficiently. The Court's expectation is that Plaintiff's case should not take much longer than the first day to complete, since the entire trial (including any defense case) needs to be complete by 1:30 p.m. on May 20.

Fourth, regarding objections, the Court will rule on the admissibility of evidence as offered at trial. The Court cannot advise Plaintiff about the mechanics of how to conduct a deposition.

This order terminates docket no. 88.

**IT IS SO ORDERED.**

Dated: 5/13/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge